**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

LAWRENCE LEVY, CEDRIC HAMMOND,      *
BRADLEY CASTO, individually and on behalf      *
of all others similarly situated,      *
                                       *
      Plaintiffs,      *
                                       *
      v.      *
                                       *      **NO.  16-cv-542-JWD-EWD**
LOUISIANA DEPARTMENT OF PUBLIC      *
SAFETY AND CORRECTIONS, JAMES      *
LEBLANC, SECRETARY OF THE LOUISIANA      *
DEPARTMENT OF PUBLIC SAFETY AND      *
CORRECTIONS,      *
                                       *
      Defendants.      *
                                       *

**ANSWER AND DEFENSES OF THE LOUISIANA DEPARTMENT**
**OF PUBLIC SAFETY AND CORRECTIONS and JAMES LEBLANC**

NOW INTO COURT, through undersigned counsel, come defendants the Louisiana Department of Public Safety and Corrections ("hereinafter, "the Department") and James LeBlanc, Secretary of the Louisiana Department of Public Safety and Corrections "Secretary LeBlanc") (collectively, "the Defendants"), who for answer to the plaintiffs' complaint, deny each and every allegation contained therein, except those which are specifically admitted herein. Further answering, Defendants aver as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

The Complaint fails to establish that this matter is appropriate for class action certification.

**THIRD DEFENSE**

The Complaint fails to establish that plaintiffs are properly representative of any purported class.

**FOURTH DEFENSE**

Plaintiffs have never requested, and Defendants have never denied, reasonable accommodations under the ADA or Rehabilitation Act.

**FIFTH DEFENSE**

At all times, the Defendants acted reasonably and in good faith and in compliance with applicable law, including instituting practices, policies and procedures for deaf and hearing impaired probationers and parolees well before and unrelated to the commencement of this suit.

**SIXTH DEFENSE**

Some or all of the relief sought by plaintiffs is overbroad, unreasonable, unduly burdensome, infeasible, and/or not supported or required by law.

**SEVENTH DEFENSE**

Defendants reserve the right to assert further affirmative defenses as they become evidence through additional investigation and discovery.

And now, answering separately each paragraph of the Complaint, Defendants aver:

**1.**

For answer to paragraph 1 of the Complaint, Defendants contend that the document referred to is the best evidence of its contents and this paragraph requires no response from these Defendants.  To the extent paragraph 1 contains conclusions not found in the writing itself, Defendants deny the allegations for lack of information to justify a belief therein.

**2.**

For answer to paragraph 2 of the Complaint, Defendants contend that the document referred to is the best evidence of its contents and the opening sentence of this paragraph requires no response from these Defendants. Defendants deny the remainder of the allegations in paragraph 2.

**3.**

For answer to paragraph 3 of the Complaint, Defendants admit that the named plaintiffs are probationers and parolees under the supervision of the Department. Defendants further admit generally that probationers and parolees must comply with terms and conditions of release. The remaining allegations of paragraph 3 are denied as written.

**4.**

The allegations of paragraph 4 of the Complaint are denied.

**5.**

The allegation of paragraph 5 of the Complaint are denied.

**6.**

The allegations of paragraph 6 of the Complaint are denied.

**7.**

The allegations of paragraph 7 of the Complaint are denied.

**8.**

The allegations of paragraphs 8, 9, 10, 11, 12 and 13 of the Complaint are admitted as to federal question jurisdiction and as to venue based on the domicile of the Department.

**9.**

For answer to the allegations of paragraphs 14, 15 and 16 of the Complaint, Defendants deny the legal conclusions contained therein.

**10.**

For answer to the allegations of paragraph 17 of the Complaint, Defendants deny the legal conclusions contained therein.

**11.**

For answer to the allegations of paragraph 18 of the Complaint, Defendants admit that James LeBlanc is the Secretary of the Department and a gubernatorial appointee.

**12.**

For answer to the allegations of paragraph 19 of the Complaint, Defendants admit that the department has several subdivisions, including the Division of Probation and Parole. The remainder of the allegations in paragraph 19 of the Complaint are denied as written.

**13.**

The allegations of paragraph 20 of the Complaint are admitted insofar as they purport to be a generalized statement of some of the function of officers in the Department's Division of Probation and Parole.

**14.**

The allegations of paragraph 21 of the Complaint are admitted insofar as they purport to be a generalized statement of some of the obligations applicable to parolees and probationers in Louisiana. The remainder of the allegations in paragraph 21 of the Complaint are denied as written.

**15.**

The allegations of paragraph 22 of the Complaint are denied.

**16.**

The allegations of paragraphs 23, 24, 25, 26, 27 and 28 of the Complaint are denied for lack of sufficient information to justify a belief therein.

**17.**

The allegations of paragraph 29 of the Complaint are admitted.

**18.**

The allegations of paragraphs 30, 31, 32, 33, 34, 35, 36, 37 and 38 of the Complaint are denied for lack of sufficient information to justify a belief therein.

**19.**

For answer to paragraph 39 of the Complaint, Defendants contend that the document referred to is the best evidence of its contents and this paragraph requires no response from these Defendants.  To the extent paragraph 1 contains conclusions not found in the writing itself, Defendants deny the allegations for lack of information to justify a belief therein.

**20.**

The allegations of paragraph 40 of the Complaint are denied.

**21.**

For answer to paragraph 41 of the Complaint, Defendants contend that the documents referred to are the best evidence of their contents and this paragraph requires no response from these Defendants.

**22.**

The allegations of paragraph 42 of the Complaint require no response from Defendants. Defendants deny that this matter is appropriate for class action certification.

**23.**

For answer to the allegations of paragraphs 43, 44, 45 a-f, 46 and 47 of the Complaint, Defendants deny that this matter is appropriate for class certification and further deny that plaintiffs are appropriate representatives of any such class.

**24.**

Defendants deny the allegations of paragraphs 48, 49 and 50 of the Complaint and deny that this matter is appropriate for class certification.

**25.**

The allegations of paragraph 51 of the Complaint require no response from Defendants. To the extent a response is required, Defendants reiterate their answers to paragraphs 1-50 contained herein as if copied separately and individually here.

**26.**

To the extent they merely restate provisions of Title II of the ADA, the allegations of paragraphs 52, 53, 54 and 55 of the Complaint require no response from Defendants.

**27.**

The allegations contained in paragraph 56 of the Complaint are a legal conclusion and require no response from Defendants.  To the extent a response is required, the allegations are denied.

**28.**

The allegations of paragraph 57 of the Complaint are denied.

**29.**

The allegations of paragraph 58 of the Complaint are a legal conclusion and require no response from Defendants.

**30.**

To the extent they merely restate provisions of federal regulations, the allegations of paragraphs 59 and 60 of the Complaint require no response from Defendants. Defendants deny the allegations in paragraphs 59 and 60 of the Complaint as to Defendants' alleged actions or inactions.

**31.**

The allegations of paragraph 61 of the Complaint are denied.

**32.**

The allegations of paragraph 62 of the Complaint require no response from Defendants. To the extent a response is required, Defendants reiterate their answers to paragraphs 1-61 contained herein as if copied separately and individually here.

**33.**

To the extent they merely restate provisions of the Rehabilitation Act and federal regulations, and/or are legal conclusions, the allegations of paragraphs 63, 64, 65 and 66 of the Complaint require no response from Defendants.

**34.**

The allegations of paragraph 67 of the Complaint are a legal conclusion and require no response from Defendants.

**35.**

The allegations of paragraph 68 of the Complaint are denied.

**36.**

To the extent they merely restate provisions of federal regulations, the allegations of paragraph 69 of the Complaint require no response from Defendants. Defendants deny the allegations in paragraph 69 of the Complaint as to Defendants' alleged actions or inactions.

**37.**

The allegations of paragraph 70 of the Complaint are denied.

**38.**

Defendants contend that plaintiffs are not entitled to any relief sought in paragraph 71 A-G, or any other relief of any kind.

WHEREFORE, Defendants the Louisiana Department of Public Safety and Corrections and James LeBlanc, Secretary, pray that this Answer and Defenses be deemed good and sufficient and that, after all due proceedings are had, this matter be dismissed in full, with prejudice, at plaintiffs' cost.

Respectfully submitted:

**JEFF LANDRY**
**ATTORNEY GENERAL**

**BY: /s/ *Patricia H.Wilton***
**PATRICIA H. WILTON #18049**
Assistant Attorney General
Louisiana Department of Justice
Civil Division
P. O. Box 94005
Baton Rouge, Louisiana 70804-9005
Telephone: (225) 326-6006
Facsimile: (225) 326-6096
wiltonp@ag.louisiana.gov

Counsel for Defendants

## CERTIFICATE

I certify that the foregoing Answer and Defenses was filed using the court's CM/ECF system on October 11, 2016,  and that notice of filing will be send electronically to all counsel of record.

<u>        */s Patricia H. Wilton*                    </u>
Patricia H, Wilton