IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| LAWRENCE LEVY, CEDRIC HAMMOND, and BRADLEY CASTO,<br><br>Plaintiffs,<br>v.<br><br>LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, and JAMES LEBLANC, SECRETARY OF THE LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS,<br><br>Defendants. | Case No. 3:16-cv-00542-JWD-EWD<br><br>**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO <u>SUPPLEMENT THE RECORD</u>** |

Pursuant to Federal Rule of Civil Procedure 54(b) and Local Civil Rule 7(d), Plaintiffs respectfully move this Court to reconsider its Order (ECF No. 66) granting Defendants' Motion for Leave to Supplement the Record (ECF No. 65) (the "Motion").

As a preliminary matter, Defendants' Motion fails to demonstrate that their failure to timely file the Declaration of Maria Pollage-Toups ("Toups Declaration") was due to "excusable neglect" as required by Fed. R. Civ. P. 6(b). *See Farina v. Mission Inv. Trust*, 615 F.2d 1068, 1076 (5th Cir. 1980). Excusable neglect does not include "simple inadvertence or mistake of counsel;" the standard is "strict." *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988). Here, Defendants have not carried their burden because they admit that the only reason the Toups Declaration was not timely filed was because it was "inadvertently omitted." (ECF No. 65 at 1–2.) The Toups Declaration was in fact filed one month after the deadline for Defendants' papers in opposition to Plaintiffs' Motion for Summary Judgment and two weeks after Plaintiffs' Reply Brief identified that Declaration as being absent from the docket.[1]

---

[1] Technically, Defendants' Motion also is procedurally defective. Local Civil Rule 7(e) provides that such motions "*must* . . . cite any applicable rule, statute, or other authority justifying the relief sought." (Emphasis added). The

Secondly, Defendants' Motion should have been denied because the Toups Declaration is futile, *i.e.*, it contradicts Defendants' earlier deposition testimony and/or is immaterial because it does not create any genuine issue of fact precluding summary judgment in favor of Plaintiffs. *See, e.g.*, *Imperial Trading Co., Inc. v. Travelers Prop. Cas. Co. of Am.*, 2009 WL 2242380, at *9 (E.D. La. July 24, 2009) ("Courts in this Circuit will not, without explanation, allow a party to create an issue of fact and survive summary judgment merely by submitting evidence that contradicts its earlier deposition testimony."); *Klein v. O'Neal, Inc.*, 2008 WL 2152030, at *1 n.1 (N.D. Tex. May 22, 2008) (denying leave to supplement the record because "proffered evidence would not affect the court's analysis"). More specifically:

➢ Defendants' Rule 30(b)(6) witness testified that there are issues with internet bandwidth and connectivity and that interpreters are therefore *not* usually available at every office even though they may be equipped with certain hardware (Ex. A–Lee Tr. (ECF No. 55-5) at 83:3–85:4, 135:9–136:17), yet the Toups Declaration contends interpreters are available at every office because every DPP officer has a laptop with him/her (ECF No. 65-1 ¶ 2).

➢ A DPP Officer testified that programs use inmates to try to interpret for deaf and hard of hearing individuals—not qualified ASL interpreters—and that sometimes *no* interpreters of any kind are provided at programs (Exhibit A (Anderson Dep.) at 20:12–21:7, 25:21–26:10), while the Toups Declaration merely states that third parties are *supposed* to provide qualified, contract interpreters (ECF No. 65-1 ¶ 3).

➢ Undisputed documentary evidence demonstrates that DPP officers have imposed—without qualified ASL interpreters present—special conditions on Plaintiffs

---

Motion, however, fails to cite any rule, statute, or other authority that would justify filing a supplemental declaration one month after the applicable deadline has passed and two weeks after briefing has closed entirely.

that, if violated, may result in arrest (Ex. T (ECF No. 55-24) at 1 (10/6/2015 Entry), & 5–6 (10/2/2014 Entry)), yet the Toups Declaration merely states that the basic, initial conditions of probation and parole are provided on a website in ASL (ECF No. 65-1 ¶ 4).

➢ Defendants' Rule 30(b)(6) witness testified that the LDPSC has the ability to use contract interpreters, but often chooses to use inmates instead, *not* due to financial constraints, but for a variety of other reasons (Ex. A–Lee Tr. (ECF No. 55-5) at 63:20–64:21, 82:7–20), and a DPP Officer testified that she has never been told that she could not procure a contract interpreter due to financial constraints (Exhibit B (Bordelon Dep.) at 30:18–23, 37:6–9), yet the Toups Declaration argues without any support that contract interpreters cannot be provided because doing so would pose an "administrative and financial burden" too big for Defendants to shoulder (ECF No. 65-1) ¶ 5).

➢ The Toups Declaration states that the LDPSC has made refinements and improvements to its policies and procedures relating to deaf and hard of hearing probationers and parolees (ECF No. 65-1 ¶ 6), but does not dispute that Defendants do not abide by those policies and procedures (*see* ECF No. 55-31 at 4–8).[2]

For these reasons, Plaintiffs respectfully request that: (i) the Court reconsider and vacate its prior Order and deny Defendants' Motion for Leave to Supplement the Record; or, in the alternative, (ii) accept this memorandum and accompanying exhibits as a supplement to Plaintiffs' reply brief in support of its Motion for Summary Judgment.

---

[2] As discussed in Plaintiffs' Reply Brief, the Toups Declaration should also be rejected because Defendants did not identify Ms. Toups in their initial or subsequent disclosures. (ECF No. 64 at 1–2.) Furthermore, contrary to Defendants' assertion, the Toups Declaration does create "prejudicial surprise to plaintiffs" (ECF No. 65 at 2) because Plaintiffs were never made aware that Defendants would offer Ms. Toups as a witness to testify on the topics addressed in her Declaration. In fact, the deposition testimony excerpts attached to Defendants' Motion merely show that Ms. Toups might possess information related only to ADA training.

Dated: May 29, 2018

Respectfully submitted,
**PROSKAUER ROSE LLP**

By:  */s/ Russell L. Hirschhorn*
Russell L. Hirschhorn (*pro hac vice*)
Russell T. Gorkin (*pro hac vice*)
Om V. Alladi (*pro hac vice*)
Eleven Times Square
New York, NY 10036-8299
(212) 969-3286
rhirschhorn@proskauer.com
rgorkin@proskauer.com
oalladi@proskauer.com

**ADVOCACY CENTER**
Susan Meyers
Laura Thornton
8325 Oak Street
New Orleans, LA 70118
(504) 522-2337
smeyers@advocacyla.org
lthornton@advocacyla.org

**WASHINGTON LAWYERS' COMMITTEE FOR CIVIL RIGHTS AND URBAN AFFAIRS**
Philip Fornaci (*pro hac vice*)
11 Dupont Circle, NW
Suite 400
Washington, DC 20036
(202) 319-1000
phil_fornaci@washlaw.org

*Attorneys for Plaintiffs*